UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

JAWUAN CRYSTAL BOYKIN,          )
            )
        Plaintiff,      )
            )
        v.         )     No. 4:25-cv-00207-SEB-KMB
            )
EQUAL EMPLOYMENT OPPORTUNITY    )
COMMISSION OF INDIANA,       )
            )
        Defendant.    )

## ORDER

This matter is before the Court on self-represented Plaintiff Jawuan Crystal Boykin's ("Ms. Boykin") Amended Pleading, dkt. 1; Motion to Disqualify Judge Walton-Pratt and Magistrate Judge Barr, dkt. 5; Motion to Invoke Crime Victim Rights, dkt. 6; and Motion on Rule 60, dkt. 10. **The $405.00 filing fee required to file a lawsuit in federal court remains due and owing**, as Ms. Boykin has neither prepaid the filing fee nor sought leave to proceed *in forma pauperis*. That said, because our preliminary review of Ms. Boykin's submissions established the frivolous and vexatious nature of this lawsuit, we shall "save everyone time and legal expense" by proceeding with a screening of Ms. Boykin's "Amended Pleading," pursuant to 28 U.S.C. § 1915(e)(2)(B) as well as an exercise of our inherent authority. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (stating that the *in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir.1999) ("[D]istrict courts have the

1

power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

## I.      Background

Ms. Boykin initiated this lawsuit against the Equal Employment Opportunity Commission (the "EEOC") on October 22, 2025. Her self-entitled "Amended Pleading" states that "[t]his complaint relates to" one of the (eleven) civil actions previously brought by her in our court between June and October 2025. *Boykin v. Equal Employment Opportunity Commission*, No. 4:25-cv-00125-TWP-KMB (S.D. Ind. filed June 26, 2025) (hereinafter referred to as "*EEOC I*"). In *EEOC I*, Ms. Boykin purported to assert § 1983 claims against the EEOC. Finding that Ms. Boykin's averments stated no plausible claim for relief, the court ruled that the complaint failed to invoke our subject matter jurisdiction warranting its dismissal on jurisdictional grounds. The court allowed Ms. Boykin an opportunity to show cause why final judgment should not enter and/or to file an amended complaint that cured various pleading deficiencies. *EEOC I*, dkt. 7 (July 3, 2025, entry screening the complaint). She filed an amended complaint, but upon review the court determined that Ms. Boykin failed to allege sufficient facts to state a plausible claim for relief and thus again failed to invoke any legitimate basis for our subject matter jurisdiction. *EEOC I*, dkt. 10 (August 4, 2025, entry screening the amended complaint). *EEOC I* was dismissed without prejudice, and final judgment issued accordingly. *EEOC I*, dkt. 11 (final judgment).

Nearly three months thereafter, Ms. Boykin filed the instant complaint, which purports to amend again the allegations previously asserted, albeit unsuccessfully, in *EEOC*

2

*I.* The crux of Ms. Boykin's current complaint is that the EEOC allegedly conspired with her former employer(s), against whom she had asserted claims for wrongful termination. Dkt. 1 at 6–7.

On October 27, 2025, less than a week after Ms. Boykin initiated this lawsuit, the Court imposed a limited filing ban based on Ms. Boykin's "pattern of repetitive and frivolous filings in closed cases and filing repetitive and frivolous new cases," in contravention of the Court's repeated admonishments. Dkt. 7 at 3. The October 27th order also forewarned Ms. Boykin that "her currently pending cases," including the one at bar, "may be dismissed, and the filing ban may be extended, if she continues to make frivolous filings in them." *Id.* at 5.

## II.    Screening Standard

The Court must dismiss a complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.* Dismissal under § 1915 rests on an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standards as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that she has been illegally harmed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, she must set forth "a short and plain statement" of *facts* in her complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2).

### III.    Legal Analysis

This action suffers from several pleading deficiencies that compel its dismissal at this early stage. First, the Amended Pleading lacks sufficient factual allegations to support a plausible conspiracy claim. Before defendants in a conspiracy "case become entangled in discovery proceedings, the plaintiff must meet a high standard of plausibility." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). "[M]ere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough" to satisfy the plausibility standard. *Id.* Here, Ms. Boykin's allegations fall well short of this pleading standard. Although Ms. Boykin attacks several "errors" or mistakes in the EEOC's resolution of her wrongful termination claims, including, for example, that she "was lied to and told the commission does not consolidate complaints," dkt. 1 at 7, her complaint fails to identify the specific individuals involved in the alleged conspiracy, the general purpose of the alleged conspiracy, and the estimated date(s) of the alleged conspiracy. *See Caine v. Burge*, No. 11 C 8996, 2012 WL 2458640, at *9 (N.D. Ill. June 27, 2012) (collecting cases on pleading conspiracy). Absent such particularized averments, Ms. Boykin's general dissatisfaction with the outcome of her EEOC proceedings does not give

4

rise to a reasonable inference of conspiracy. Thus, dismissal is required based upon the lack of sufficient facts to support a plausible claim for relief.

Second, the Amended Pleading reflects a clear attempt by Ms. Boykin to relitigate the outcome of *EEOC I*, which attack constitutes an abuse of the judicial process. *See Averhart v. Sheriff of Cook Cnty., Ill.*, 752 F.3d 1104, 1106 (7th Cir. 2014). "Refusal to take no for an answer, and a campaign of unending litigation, are intolerable and sanctionable." *Id.* Given the existing restriction imposed on Ms. Boykin's entitlement to file claims in our court, we shall not impose further sanctions at this time. Even so, this action shall be dismissed in its entirety as an improper attempt by Ms. Boykin to circumvent the dismissal of her claims in *EEOC I*. Because further amendments "would be futile or otherwise unwarranted," this action shall be **dismissed with prejudice**. *O'Boyle v. Real Time Resols., Inc.*, 910 F.3d 338, 347 (7th Cir. 2018).

## CONCLUSION

For the reasons stated above, this action is hereby **DISMISSED with prejudice** in its entirety. All pending motions are **DENIED as moot**. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:

5/22/2026

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAWUAN CRYSTAL BOYKIN
708 Buena Vista Ave
Aurora, IN 47001